UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KEVIN ANTHONY DICKSON, JR., | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | No.: 3:14-cv-214-PLR-HBG |
| v. | ) | |
| | ) | |
| DAVID SEXTON, Warden, and | ) | |
| ROBERT E. COOPER, JR., Attorney General, | ) | |
| | ) | |
| | ) | |
| *Respondents*. | ) | |

## **MEMORANDUM**

Petitioner has filed a petition for the writ of habeas corpus and paid the $5.00 filing fee. For the reasons state below, the respondents shall not be required to file an answer or other pleading to the petition and the petition will be **DISMISSED**.

According to petitioner, he is filing a petition for a writ of habeas corpus ad subjiciendum; he specifically states that he is not seeking relief pursuant to 28 U.S.C. §§ 2254 or 2255. [Doc. 1, Petition, pp. 1-2]. Petitioner claims he is entitled to relief on the ground that his confinement constitutes involuntary servitude in violation of the U.S. Constitution. [*Id*. at 2]. He also claims "unconstitutional 'eminent domain' of his private property his human body that has been unlawfully usurped/converted into public property for public purposes." [*Id*]. Based upon the attachments to the habeas petition, the petitioner considers himself a "sovereign" citizen over whom "man-made laws" have no

authority. [*Id.*, Exhibit C, Affidavit of Truth, p. 1].  He also objects to the use of social security numbers, driver's licenses, state license plates, tax returns, birth certificates, marriage licenses, voter registrations, and state zip codes. [*Id.* at 4-7].

Petitioner is in the custody of the Tennessee Department of Correction. Although petitioner makes a passing reference to a conviction out of the Criminal Court for Sevier County, Tennessee, he does not otherwise state the reason for his confinement. Specifically, petitioner does not state the crime or crimes for which he was convicted or the date of his conviction. In addition, petitioner does not state any grounds that entitle him to habeas corpus relief. Although petitioner alleges claims of involuntary servitude and eminent domain, such allegations are frivolous so long as petitioner remains in custody on a valid state court conviction. *See Pischke v. Litscher*, 178 F. 3d 497, 500 (7th Cir. 1999) ("The Thirteenth Amendment, which forbids involuntary servitude, has an express exception for persons imprisoned pursuant to conviction for crime.").

As noted, petitioner specifically states that he is not seeking statutory habeas corpus relief. As the U.S. District Court for the Eastern District of New York recently observed, however:

> It is well settled that Congress codified the "ancient writ of *habeas corpus ad subjiciendum* ... in the statutory provisions of Chapter 153 of Title 28 (§§ 2241–2255) titled 'Habeas Corpus.'" *Stantini v. United States*, 986 F.Supp. 736, 739 (E.D.N.Y.1997). Moreover, the "[p]ower to issue the writ of habeas corpus ... was granted to the federal courts in the Judiciary Act of 1789." *United States v. Hayman*, 342 U.S. 205, 210, 72 S.Ct. 263, 96 L.Ed. 232 (1952) (footnote omitted); *see Felker v. Turpin*, 518 U.S. 651, 659–60, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996); *Brown v. Allen*, 344 U.S. 443, 460–61 (1953) ("Jurisdiction over applications for federal habeas corpus is controlled by statute.... Liberal as the courts are and should be as to practice in setting out claimed violations of constitutional rights, the applicant must

2

> meet the statutory test of alleging facts that entitle him to relief."). Because this court's authority to issue a writ of habeas corpus is circumscribed by congressional statute, petitioner must satisfy the statutory requirements set forth in 28 U.S.C. §§ 2241–2254. Petitioner may not circumvent those procedural and substantive statutory requirements by mischaracterizing his petition.

*Nelson v. Hynes*, Civil Action No. 12-cv-4913, 2013 WL 182793, at *2 (E.D.N.Y. Jan. 17, 2013) (footnote omitted).

In order to obtain habeas corpus relief, a petitioner must demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(b)(3). An "[a]pplication for a writ of habeas corpus" must "allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242.

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitation for state prisoners to file a habeas corpus petition in federal court; the limitation period generally runs from the date on which the judgment of conviction became final. *Id*. § 2244(d)(1). In addition, a habeas petitioner must first exhaust his available state court remedies before he can be eligible for relief in the federal courts. *Id*. § 2254(b)(1).

Petitioner has not alleged the facts of his detention nor has he alleged that his petition is timely filed or that he has exhausted his state court remedies. Because it plainly appears from the face of the petition and the annexed exhibits that petitioner is not entitled to any habeas corpus relief in this Court, the petition for the writ of habeas corpus will be **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United

States District Courts. A certificate of appealability **SHALL NOT ISSUE** in this action. 28 U.S.C. § 2253(c).

In addition to the above, this Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** the petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/ Pamela L. Reeves
**UNITED STATES DISTRICT JUDGE**